REQUESTED BY: Dear Senator:
You have asked for our opinion as to the constitutional validity of L.B. 524. This bill consists of one section, which provides:
 "No action may be maintained under Chapter 59, Reissue Revised Statutes of Nebraska, 1943, and amendments thereto, against any person, corporation, organization, or association for acting pursuant to and under the authority of any state or federal law. It is the purpose of this section to reaffirm that a person may rely on the validity of any state or federal law until declared invalid.'
We believe that this bill presents certain constitutional difficulties. Chapter 59 of the Nebraska statutes deals with monopolies and unlawful combinations It provides for various types of legal actions in the event of violation of its provisions, including criminal, quo warranto and mandamus actions and actions for damages and injunctions. Under the clear terms of L. 524, all of these actions would be barred if the action complained of was authorized by any state or federal law, even though that law is invalid.
So far as an action for criminal sanctions is concerned, the act might be upheld. In most criminal actions, criminal intent is an essential element of the crime, and if some statute apparently authorizes the action in question, this might be a valid defense, since, it can be argued, the necessary criminal intent is lacking. This bill, in that respect, would simply be affirmance by the Legislature that this should be proof of lack of the necessary intent.
With respect to civil actions, however, a different situation prevails. In that case, some other person or corporation will, presumably, have been injured by the action which is prohibited by some provision of Chapter 59, but authorized by some other statutory provision which is unconstitutional. L.B. 524 would, nevertheless, deny the injured party redress, or even injunctive relief to prevent future injury. This, we believe would constitute denial of due process and equal protection of the laws.
To illustrate what we mean, Chapter 59, Article 8 forbids monopolies and combinations in restraint of trade. Provisions in that article permit injunctions and actions for damages by persons injured by such illegal activities. Suppose the Legislature were to pass a bill permitting corporations to refuse to do business with blacks, and all of the white-controlled corporations engaged in a particular industry conspired to refuse to do business with a black man, driving him out of business.
Obviously, the bill authorizing such action would be palpably unconstitutional, and the conspiracy would be in violation of the provisions of Chapter 59. Yet, L.B. 524 would appear to deny the injured black man any recovery of damages, or even an injunction action to restrain the unlawful conspiracy.
An unconstitutional law is a nullity, and it cannot be used to deprive a private person of his right to access to the courts and redress of grievances. In 16 Am.Jur.2d 923, Constitutional Law, § 533, we fined;
 ". . . The Supreme Court at an early date recognized the rule that an act of the legislature which in terms would give to one individual certain rights and the benefit certain modes of procedure, and would deny to another similarly situated the same rights, could be challenged successfully on the ground of unjust discrimination and denial of the equal protection of the laws. . . ."
We are therefore of the opinion that L.B. 524, in taking away from private citizens rights of action they would otherwise have under the provisions of Chapter 5 because the action they complain of is authorized by an unconstitutional law, thereby deprives them of equal protection and due process of law, in violation of the federal Constitution. It also deprives them of due process of law, in violation of Article I, section 3 of the Nebraska Constitution.
You have specifically asked whether the fact that L.B. 524 is limited in its application to actions under Chapter 59 makes it unreasonable classification, or special legislation, in violation of Article III, Section 18 of the Nebraska Constitution. We do not believe that is a major problem with respect to this bill. As we have indicated, we believe that it could only be applied as a defense in criminal actions. In some types of criminal actions, lack of criminal intent is a defense, and in others it is not. For the Legislature to provide that, with respect to criminal actions brought under Chapter 59, lack of the necessary criminal intent could be shown by proof that the allegedly criminal action was authorized because some other statutory provision is not, in our opinion, unreasonable, general law so providing might provide a defense against a criminal action in another field, in which criminal intent is not a defense and in which the Legislature did not intend it to be a defense. Therefore, a general law would not be appropriate. We therefore feel that the classification involved in L.B. 524, in the respect you inquire about, could be defended.